IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

APPLIED INTERACT, LLC,

    PLAINTIFF,

v.                                                      CIVIL CASE NO.: 2:07cv341

CONTINENTAL AIRLINES, INC.,

and,

MN AIRLINES LLC d/b/a
SUN COUNTRY AIRLINES,

    DEFENDANTS.

## OPINION and ORDER

This matter is before the Court on Plaintiff's Motion to Strike Defendant Continental Airlines, Inc.'s ("Continental") Tenth Affirmative Defense. For the reasons that follow, Plaintiff's Motion is **GRANTED** and Continental's Tenth Affirmative Defense is **STRICKEN**.

### I. PROCEDURAL HISTORY[1]

On July 25, 2007, Plaintiff Applied Interact, LLC ("Plaintiff" or "Applied Interact") filed its Complaint, alleging Defendants Continental and MN Airlines LLC d/b/a Sun Country Airlines ("Sun Country") (collectively as "Defendants") infringed five (5) of its patents. Doc. 1. Particularly, Continental and Sun Country are alleged to have infringed four (4) of the five (5) patents "by [their] unlicensed use of printing boarding passes over the Internet." Doc. 1 at 4-7. Further, Continental and Sun Country purportedly infringed a patent "by [their] unlicensed use of transmitting and presenting flight information over the Internet and/or mobile telephones." Doc.

---

[1] This section does not necessarily include the entire procedural history in this case, but rather details those events relevant to the issue(s) before the Court.

1 at 6-7. Lastly, Continental and Sun Country also are alleged to have infringed another patent "by [their] unlicensed use of sweepstakes conducted over the Internet." Doc. 1 at 7-8.

On September 5, 2007, the Court ordered, by agreement of counsel, that Continental's time to respond to the Complaint would be extended through September 12, 2007. Doc. 19 at 1 (Order entered September 5, 2007). On September 12, 2007, Continental filed its Answer, Affirmative Defenses, and Counterclaim against Applied Interact. Doc. 21. Additionally, on September 12, 2007, Sun Country filed its Answer and Affirmative Defenses. Doc. 22.

On September 19, 2007, the Court entered a Rule 16(b) Scheduling Order, setting the case for trial by jury on March 31, 2008 and requiring that discovery "shall be completed [, except as to expert witnesses,] by plaintiff(s) on or before January 22, 2008 [and] by defendant(s) on or before February 19, 2008." Doc. 32 at 1-2 (emphases in original omitted).

On October 2, 2007, Continental filed its First Amended Answer, Affirmative Defenses, and Counterclaims. Doc. 54 (originally filed as Doc. 39 but later docketed on November 16, 2007 as Doc. 54 pursuant to the Court's November 16, 2007 Order). The Tenth Affirmative Defense, which is the sole subject of this motion, states in full,

> The allegations contained in this affirmative defense are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This case has only recently been filed and discovery into these matters is ongoing. The following allegations are subject to revision or amendment as additional discovery is obtained.
>
> The [five (5)] Patents are unenforceable because of the actions of at least one individual, substantively involved in the prosecution of the applications that led to the issuance of the [five (5)] Patents, misrepresented the state of the prior art during prosecution of each identified patent and/or failed to disclose to the United States Patent and Trademark Office material information known to those substantively involved in the prosecution of the applications that issued as the identified patents.
>
> On information and belief, the individuals involved in the failure to disclose material information include individuals substantively involved in the prosecution of the applications that led to the issuance of the [five (5)] Patents, including Mr. Henry Von Kohorn, the alleged inventor [of the five (5)] Patents, Mr. Mark F. Harrington,

> prosecuting attorney for the [five (5)] patents, and Mr. Clarence A. Green, prosecuting attorney for [two (2) of the] patents. At no time did these individuals provide any references or prior art to the Patent Office with respect to the use of computer networks to print at a remote location information generated at a central location and/or information related to the use of computer networks to implement games of random chance during the pendency of the applications that led to the issuance of the [five (5)] Patents. The individuals involved in the failure to disclose material information also include individuals who were substantively involved in the reexamination of [one (1) of the] Patent[s] that, on information and belief, include: Gerard A. Messina, Richard S. Gresalfi and Jaime A. Siegel.
>
> On information and belief, the information that was withheld includes information that is material to the scope of the claims currently advanced by Applied Interact including, but not limited to information concerning: (i) the use of computer networks to receive information from a remote location, generate information at a central location and print at remote locations information generated at a central location; (ii) the use of computers and computer networks to implement sweepstakes programs; (iii) the use of computer networks to implement games of random chance; (iv) the use of computers and computer networks to receive requests for product information and to provide outputs to a remote location; (v) information concerning the acts and operations of Henry Von Kohorn concerning the subject matter claimed in [one (1) of the] Patent[s]; (vi) information alleged by third parties to be relevant to the subject matter claimed in [one (1) of the] Patent[s]; and (vii) information covered by 37 C.F.R. § 1.565(a).
>
> On information and belief, the withheld information was known by the individuals to have been material and the failure to disclose prior art to the Patent Office was made with intent to deceive the United States Patent and Trademark Office into improperly issuing the identified patents or a reexamination certificate for the same.

Doc. 54 at 6-8.

On October 22, 2007, Applied Interact filed its Motion to Strike Continental's Tenth Affirmative Defense and Memorandum in Support ("Motion to Strike"). Doc. 43.

On November 16, 2007, the Court entered an Order which, in part, deemed as filed Continental's First Amended Answer, Affirmative Defenses, and Counterclaim. Doc. 52 at 4; See Doc. 54 (previously docketed as Doc. 39). Additionally, the Court's Order deemed as filed Applied Interact's aforementioned Motion to Strike, and granted Continental time to respond to the motion. Doc. 52 at 4; See Doc. 43.

On November 19, 2007, Continental filed its Response to the Motion to Strike. Doc. 56. On November 28, 2007, Applied Interact filed its Reply Brief in support of its Motion to Strike. Doc. 58. This motion has been fully briefed and is ripe for the Court's consideration.

## II. LEGAL PRINCIPLES

Presently, Applied Interact moves the Court pursuant to Federal Rule of Civil Procedure 12 ("Rule 12") to strike Continental's Tenth Affirmative Defense, which is set forth above. Doc. 43 at 1. Under Rule 12, "the [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either "on its own" or in response to a proper motion. FED. R. CIV. PROC. 12(f).

### A. Rule 9 Pleading Requirements & Inequitable Conduct

In support of its Motion to Strike, Applied Interact contends that "because Continental has failed to plead its inequitable conduct defense with particularity, this Court should strike Continental's tenth affirmative defense." Doc. 43 at 3. Federal Rule of Civil Procedure 9 ("Rule 9") requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. PROC. 9(b). Additionally, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. PROC. 9(b).

#### 1. *Ferguson*

On its face, Rule 9 only concerns allegations of "fraud or mistake." FED. R. CIV. PROC. 9(b). However, the United States Court of Appeals for the Federal Circuit ("Federal Circuit") has concluded "inequitable conduct, while a broader concept than fraud, must be pled with particularity." Ferguson Beauregard / Logic Controls v. Mega Sys., LLC, 350 F.3d 1327, 1343-

44 (Fed. Cir. 2003) (distinguishing willfulness which "does not equate to fraud" and is not required to be pled under "the stringent standard required by Rule 9(b).") (citations omitted). The Federal Circuit's decision in <u>Ferguson</u> does not specifically state inequitable conduct must be pled in conformance with Rule 9(b). <u>Ferguson</u>, 350 F.3d at 1343-44. However, the court's discussion on willfulness and Rule 9(b) and its statement that inequitable conduct "must be pled with particularity," which is the requirement of Rule 9(b), shows the distinction to be without practical effect. <u>Ferguson</u>, 350 F.3d at 1343-44. Notably, the court in <u>Ferguson</u> did not reach the question of whether the inequitable conduct claim was pled with particularity as the Court concluded the issue "was not properly raised." <u>Ferguson</u>, 350 F.3d at 1344.

2. *Wicker*

Prior to the Federal Circuit's decision in <u>Ferguson</u>, an unpublished opinion from the United States District Court for the Eastern District of Virginia reached a similar conclusion, stating,

> Although there has been some division over whether the allegations of inequitable conduct before the U.S. Patent Trademark Office must be pled with particularity, the greater weight of authority supports subjecting such allegations to the particularity requirement of Rule 9(b). Allegations of inequitable conduct before the Patent Office, like other allegations of fraud, are subject to particularity requirements of Rule 9(b) . . .

<u>Wicker Group v. Standard Register Co.</u>, No. 94-1209-A, 1994 U.S. Dist. LEXIS 20303, at *3-4 (E.D. Va. December 2, 1994) (unpublished) (citations and internal quotations omitted). Particularly, the court concluded in <u>Wicker</u> that "[a]lthough Rule 9(b) does not require the pleading of detailed evidentiary matters, at least the time, place and substance of the misrepresentation or material omission should be stated." <u>Wicker</u>, 1994 U.S. Dist. LEXIS 20303, at *4 (internal brackets and citation omitted). Moreover, the court noted the pleading must give "notice of the particular misconduct which is alleged to constitute the fraud charged so

that [the other party] can defend against the charge and not just deny that they have done anything wrong." Wicker, 1994 U.S. Dist. LEXIS 20303, at *5 (citations omitted). While the decision in Wicker sets forth the applicable legal test, it is worth noting that the minimal pleading which was stricken merely alleged,

> The claims of said patents are . . . unenforceable due to positive representations and/or acts of omission before the U.S. Patent & Trademark Office which are inequitable conduct on the part of Standard or its predecessors in title during the prosecution of the applications that resulted in the issuance of Said Patents.

Wicker, 1994 U.S. Dist. LEXIS 20303, at *3 (ellipsis in original).

### 3. *Stowe*

In a more recent case out of the United States District Court for the Western District of Virginia, the court considered a "defense of inequitable conduct" pleading, which stated,

> The patent asserted by plaintiff is unenforceable in that the patentee, inventors, and/or other individuals responsible for and/or associated with the prosecution of the patent application committed inequitable conduct during the prosecution of the patent asserted and related patents by failing to disclose known material prior art to the United States Patent and Trademark office including, at least, U.S. Patent No. 5,583,303, actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink, and, upon information and belief, by doing so with intent to deceive.

Stowe Woodward, L.L.C. v. Sensor Prods., 230 F.R.D. 463, 465 (W.D. Va. 2005). In Stowe, the court noted "some minor disagreement exists among the districts as to whether inequitable conduct must be pled with the heightened pleading requirements applicable to allegations of fraud," but found "the majority of districts courts have held that the heightened pleading requirements of Rule 9(b) do apply to claims of inequitable conduct." Stowe, 230 F.R.D. at 465 (citations omitted). Moreover, the Stowe opinion discussed that the Federal Circuit's opinion in Ferguson, while not specifically stating Rule 9(b) applied to inequitable conduct claims, determined such claims must be "pled with particularity." Stowe, 230 F.R.D. at 466 (citing Ferguson, 350 F.3d at 1344). Ultimately, the court concluded the heightened pleading

requirements of Rule 9(b) apply to claims of inequitable conduct, in light of the Federal Circuit's decision in Ferguson, the consensus of a majority of district courts reaching the issue, the purposes of Rule 9(b), and the Federal Circuit's "demonstrated antipathy towards the defense of inequitable conduct." Stowe, 230 F.R.D. at 466.

In detailing the pleading requirements, the court in Stowe stated the pleading must set forth "the time, place, and contents of the inequitable conduct, as well as the identity of the parties responsible for the inequitable conduct." Stowe, 230 F.R.D. at 466 (citations omitted); See Wicker, 1994 U.S. Dist. LEXIS 20303, at *4 (stating the same requirements minus the obligation to identify the responsible parties).

In weighing the inequitable conduct pleading, the court in Stowe determined the pleading was sufficient to "adequately identify the people, places and dates that [were] implicated in the defense." Stowe, 230 F.R.D. at 467. However, the court found the allegations concerning the "contents of the inequitable conduct" were not sufficient under Rule 9(b). Stowe, 230 F.R.D. at 467-68. The court concluded the pleading's description of "actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink," was not adequate under Rule 9(b). Stowe, 230 F.R.D. at 468. Moreover, the court agreed "the naming of U.S. Patent No. 5,583,303, standing alone, would be sufficient to fulfill the heightened pleading requirements," but determined the defense was insufficiently articulated as a whole, asserting "[p]arties may not draw in a series of unspecified allegations on the coattails of a single particularized allegation." Stowe, 230 F.R.D. at 468. Similarly, the court concluded Rule 12(f) allows a pleading to be stricken as a whole, but does not permit piecemeal removal of inadequate sections of the pleading. Stowe, 230 F.R.D. at 468-69.

### 4. *Central Admixture Pharmacy Services*

In 2007, the Federal Circuit again imposed the requirement that claims of inequitable conduct must be pled with particularity, and determined the allegation was inadequate to state the claim with particularity. Cent. Admixture Pharm. Servs. v. Advanced Cardiac Solutions, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007). The claim at issue stated "during prosecution of the . . . patent, the patentee failed to disclose all of the relevant prior art known to it" and that "by manipulation of various measurements and units, the patentee sought to mislead the Patent and Trademark Office regarding the relationship between the claimed invention and prior art." Cent. Admixture, 482 F.3d at 1356 (citation omitted). The court concluded the claim was insufficient as it did not "identify what relevant and undisclosed prior art was known to the patentee, what 'measurements and units' were manipulated, or how that manipulation was meant to mislead the PTO." Cent. Admixture, 482 F.3d at 1357. Moreover, the Federal Circuit affirmed the district court's refusal to allow leave to amend as discovery had closed three (3) years earlier. Cent. Admixture, 482 F.3d at 1357.

### 5. *Point DX*

Lastly, the United States District Court for the Middle District of North Carolina considered a pleading similar to the one before the Court. Point DX, Inc. v. Voxar Ltd., No. 1:01cv01130, 2002 U.S. Dist. LEXIS 19169, at *3-8 (M.D.N.C. September 20, 2002) (unpublished). This case is relevant as the party claiming inequitable conduct argued "that the inclusion of the prior art subject areas is specific enough to provide Plaintiff with adequate notice of the relevant prior art." Point DX, 2002 U.S. Dist. LEXIS 19169, at *6. The court rejected this contention and dismissed the affirmative defense, countering that these descriptions "d[id] not provide specific notice of the particular statements or omissions constituting the inequitable

conduct." Point DX, 2002 U.S. Dist. LEXIS 19169, at *6, 8. However, the court granted leave to amend the pleading to comply with the particularity requirement. Point DX, 2002 U.S. Dist. LEXIS 19169, at *6.

### 6. *Additional Authority Cited by Continental*

In its argument, Continental contends "inequitable conduct is broader than fraud" in defense of its pleading and cites numerous cases in support. Doc. 56 at 4-5 (citing Broyhill Furniture Indus. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1085 (Fed. Cir. 1993); FMC Corp. v. Manitowoc Co., 835 F.2d 1411, 1417-18 (Fed. Cir. 1987); Argus Chemical Corp. v. Fibre Glass-Evercoat Co., 812 F.2d 1381, 1384-85 (Fed. Cir. 1987); J.P. Stevens & Co. v. Lex Tex, Ltd., 747 F.2d 1553, 1559-60 (Fed. Cir. 1984), cert. denied, 474 U.S. 822 (1985); Dippin' Dots, Inc. v. Mosey, 476 F.3d 1337, 1346 (Fed. Cir. 2007), cert. denied, 128 S. Ct. 375 (2007) and 128 S. Ct. 391 (2007); Nobelpharma Ab v. Implant Innovations, Inc., 141 F.3d 1059, 1069 (Fed. Cir. 1998), cert. denied, 525 U.S. 876 (1998); Hewlett-Packard Co. v. Bausch & Lomb, Inc., 882 F.2d 1556, 1563 (1989), cert. denied, 493 U.S. 1076 (1990)). Plaintiff reaches no conclusion based on this distinction, but merely asserts the inequitable conduct claim is "sufficiently plead." Doc. 56 at 5. These cases do show the distinction between inequitable conduct and fraud, but are inapposite as the above cited cases, which require inequitable conduct claims to be pled with particularity, also acknowledge this difference. Moreover, there is no reason to conclude upon reading these cases that this distinction allows inequitable conduct to be pled under a less exacting standard than fraud.

### B. Inequitable Conduct

Patent applicants and their representatives "are required to prosecute patent applications in the PTO with candor, good faith, and honesty," and "[a] breach of this duty constitutes

inequitable conduct." Molins PLC v. Textron, Inc., 48 F.3d 1172, 1178 (Fed. Cir. 1995) (citations omitted). "Inequitable conduct includes affirmative misrepresentation of a material fact, failure to disclose material information, or submission of false material information, coupled with an intent to deceive." Molins, 48 F.3d at 1178 (citation omitted).

### C. Motion to Amend

Federal Rule of Civil Procedure 15 ("Rule 15") provides "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PROC. 15(a)(2). "The court should freely give leave when justice so requires." FED. R. CIV. PROC. 15(a)(2). Leave to amend should only be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Nolte v. Capital One Fin. Corp., 390 F.3d 311, 317 (4th Cir. 2004) (citations omitted). Particularly, prejudice may "result where a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party, but that basis for a finding of prejudice essentially applies where the amendment is offered shortly before or during trial." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted). Additionally, respecting whether an amendment would be futile, "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citations omitted).

Moreover, "[i]t is common practice to permit a party that has failed to satisfy the particularity requirements of Rule 9(b) to amend its pleadings accordingly." Stowe, 230 F.R.D. at 469 (citations omitted).

III. ANALYSIS

In weighing whether an affirmative defense of inequitable conduct is properly pled, the Court considers whether the pleading specifies:

1. The time of the inequitable conduct;
2. The place of the inequitable conduct;
3. The parties responsible for the inequitable conduct; and
4. The contents of the inequitable conduct.

Stowe, 230 F.R.D. at 466 (citations omitted); See Wicker, 1994 U.S. Dist. LEXIS 20303, at *4. Presently, the only point of contention between the parties is whether the pleading sufficiently alleges the contents of the inequitable conduct.

Applied Interact contends "Continental's Amended Answer fails to state its inequitable conduct defense with particularity because (1) it does not identify any misrepresentation; and (2) it does not identify any specific prior art that was withheld." Doc. 43 at 5. Continental counters that the "Tenth Affirmative Defense is sufficiently pled" and argues the defense "provides the time, the place, the substance of the inequitable conduct, and the individuals who engaged in the inequitable conduct." Doc. 56 at 5-6.

### A. Time, Place and People Sufficiently Pled

Under the opinion in Stowe, Continental's Tenth Affirmative Defense sufficiently alleges "the people, places and dates that are implicated in the defense." Stowe, 230 F.R.D. at 467. Specifically, the court in Stowe concluded that the designation of "the patentee, inventors, and/or other individuals responsible for and/or associated with the prosecution of the patent application" was sufficient to allege the people involved. Stowe, 230 F.R.D. at 465, 467. Presently, Continental's Tenth Affirmative Defense points to "at least one individual . . . substantively involved in the prosecution of the applications" and further specifies a number of people by name and notes several persons' involvement in the patent process. Doc. 54 at 6-8. Plaintiff

does not suggest Continental's pleading is deficient on this point. Doc. 43. Accordingly, the Court concludes the pleading sufficiently details the people involved in the inequitable conduct. Moreover, the court in <u>Stowe</u> concluded the allegations that the conduct occurred "during the prosecution of the patent, and [that] the conduct occurred before the United States Patent and Trademark Office" were adequate to allege the place and time of the inequitable conduct. <u>Stowe</u>, 230 F.R.D. at 467 (internal quotations omitted). Similarly, the Court finds Continental's Tenth Affirmative Defense is sufficient on this point as well, as Continental has alleged the same time period and location and Plaintiff does not contest the pleading on this ground. Doc. 54 at 6-8; Doc. 43. This is especially true as Continental alleges Applied Interact withheld material information from the United States Patent and Trademark Office during the patent application process. Accordingly, because a material omission is alleged rather than an affirmative misrepresentation, a more general statement of place and time is allowable.

### B. <u>Contents of the Inequitable Conduct Not Sufficiently Pled</u>

Therefore, the only remaining point of contention is whether Continental's Tenth Affirmative Defense sufficiently alleges the "contents of the inequitable conduct." <u>Stowe</u>, 230 F.R.D. at 466 (citations omitted); <u>Wicker</u>, 1994 U.S. Dist. LEXIS 20303, at *4. As noted, Applied Interact contends "Continental's Amended Answer fails to state its inequitable conduct defense with particularity because (1) it does not identify any misrepresentation; and (2) it does not identify any specific prior art that was withheld." Doc. 43 at 5. Continental's argument on this point is that the "substance of the inequitable conduct" is properly alleged as the pleading regards:

> [T]he failure to submit any references or prior arts that relate to the subject matter, namely, the use of computer networks to print at a remote location information generated at a central location and/or information related to the use of computer networks to implement games of random chance[.]

Doc. 56 at 6. The Court concludes Continental's Tenth Affirmative Defense is not pled with particularity and does not meet the Rule 9(b) standard upon consideration of three previously referenced cases.

First, in Stowe, the court determined the pleading's statement of "actions taken by foreign patent offices, and/or industry publications or products, including at least those of Interlink" as material omissions was insufficient. Stowe, 230 F.R.D. at 468. The court commented that the naming of a specific U.S. patent was sufficient to state the content of the inequitable conduct, but concluded the other vague allegations made the pleading defective as a whole and subject to being stricken. Stowe, 230 F.R.D. at 468. The description in Stowe is similar to the conduct alleged in Continental's Tenth Affirmative Defense, as both merely describe the subject matter of the material omitted but do not state with specificity the documents or information omitted. Accordingly, under Stowe, Continental's pleading is deficient.

Second, the court in Point DX dealt with precisely the issue before the Court of whether "the inclusion of the prior art subject areas is specific enough to provide Plaintiff with adequate notice of the relevant prior art." Point DX, 2002 U.S. Dist. LEXIS 19169, at *6. There, the court determined the pleading was defective, asserting that the descriptions of the prior art that were withheld from the United States Patent and Trademark Office "d[id] not provide specific notice of the particular statements or omissions constituting the inequitable conduct." Point DX, 2002 U.S. Dist. LEXIS 19169, at *6. The court further reasoned that the "many references identified and disclosed on the face of the subject patents could be characterized consistent with these subject areas," and found "Plaintiff is provided little guidance as to the specific prior art Defendant alleges it intentionally withheld." Point DX, 2002 U.S. Dist. LEXIS 19169, at *6-7. Continental's pleading attempts to utilize the same strategy of describing omissions that relate

"to the subject matter [of the patent], namely, the use of computer networks to print at a remote location information generated at a central location and/or information related to the use of computer networks to implement games of random chance." Doc. 56 at 6. However, this description of the material omissions constituting the inequitable conduct does not provide Plaintiff with "guidance as to the specific [information]" allegedly withheld. Point DX, 2002 U.S. Dist. LEXIS 19169, at *6-7. While Continental claims some information should have been submitted regarding these subject areas, Continental fails to allege any specific document or information that should have been produced. Doc. 56 at 6-7; Doc. 54 at 6-8. Accordingly, in light of the Point DX opinion, Continental's pleading is deficient for failing to plead with specificity the contents of the inequitable conduct, namely, the actual omissions made.

Third, in Central Admixture, the Federal Circuit agreed that the affirmative defense of inequitable conduct was not pled with particularity as it failed to "identify what relevant and undisclosed prior art was known to the patentee." Cent. Admixture, 482 F.3d at 1357. Similarly, Continental's pleading does not specify what material information was withheld. Doc. 54 at 6-8. Therefore, Continental's pleading is defective under the Central Admixture opinion.

The Court additionally concludes that Continental's pleading is defective in so far as it references the entire patent as being affected by the material omissions. Rather, Continental must state with specificity what aspects of the patent were implicated by the complained of material omissions.

Thus, Continental's Tenth Affirmative Defense is defective for these reasons. Therefore, Plaintiff's Motion to Strike Continental's Tenth Affirmative Defense is **GRANTED** and Continental's Tenth Affirmative Defense is **STRICKEN**.

### C. Amendment

At the close of its Response Brief, Continental requests that the Motion to Strike be denied, and alternatively requests leave "to replead an affirmative defense of unenforceability on these grounds as the discovery process discloses additional evidence." Doc. 56 at 7. Continental is allowed to amend its pleading for several reasons. First, Applied Interact did not respond to Continental's alternative request to be allowed to amend its pleading. Doc. 58. Second, Rule 15 provides "[t]he court should freely give leave when justice so requires." FED. R. CIV. PROC. 15(a)(2). Third, none of the reasons for denying leave to amend, such as prejudice, bad faith or futility, are present in this case. Nolte, 390 F.3d at 317. Accordingly, Continental is **GRANTED** leave to amend its pleading.

### IV. CONCLUSION

For the stated reasons, Plaintiff's Motion to Strike Continental's Tenth Affirmative Defense is **GRANTED** and Continental's Tenth Affirmative Defense is **STRICKEN**. Continental is **GRANTED** leave to amend its pleading and may file an amended pleading no later than Friday, January 18, 2008. If Continental fails to file an amended pleading by this date, Continental must seek leave of court to do so in the future. If Continental chooses to file an amended pleading on or before Friday, January 18, 2008, Plaintiff may again contest the legal viability of the pleading but is not required to do so. If Plaintiff chooses to contest the amended pleading, Plaintiff must file its objection or motion no later than Thursday, January 24, 2008, after which an abbreviated briefing schedule equal to one half (1/2) of the normal briefing schedule will attach. No further affirmative defenses may be filed without leave of this Court.

The Clerk is **REQUESTED** to mail a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
January 17, 2008